30 F.3d 131
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary A. BROWN, Sr., Defendant-Appellant.
 No. 93-5627.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 7, 1994.
Decided Aug. 3, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (CR-91-346-6).
 William H. Ehlies, William H. Ehlies, P.A., Greenville, SC, for appellant.
 J. Preston Strom, Jr., U.S. Atty., Matthew R. Hawley, Jr., Special Asst. U.S. Atty., Greenville, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before WILKINS, HAMILTON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Gary A. Brown, Sr., pled guilty to conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C.A.Secs. 841(a)(1), 841(b)(1)(A), 846 (West 1981 & Supp.1994) (Count 1), and to money laundering in violation of 18 U.S.C.A. Sec. 1956(a)(1)(B) (West 1984 & Supp.1994) (Count 2). The court sentenced Brown to a total of 236 months imprisonment, ordered a total of five years of supervised release, and imposed a $100 special assessment. Brown timely appealed. On appeal, Brown questions whether the waiver of his right to appeal was facially valid and contends that the district court erred during sentencing. We affirm.
 
 
 2
 Brown argues that the district court erred because the waiver of appeal rights did not appear in the plea agreement but occurred after the district court ordered the probation officer to prepare a revised presentence report recommending a life sentence. We review de novo a defendant's waiver of his right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992). A defendant may waive his statutory right to appeal his sentence if the waiver was made knowingly and voluntarily. Id.; United States v. Wiggins, 905 F.2d 51, 54 (4th Cir.1990). A waiver is ineffective if the district court fails to question the defendant about it, United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir.1991), unless other evidence in the record establishes that the waiver was informed and voluntary. United States v. Davis, 954 F.2d 182, 186 (4th Cir.1992).
 
 
 3
 At the sentencing hearing, the Government stated that Brown wished to waive his right to appeal and withdraw his objections to the presentence report. Brown's attorney discussed the waiver of appeal with Brown before the hearing so that Brown had time to consider it. The district court questioned Brown about his right to appeal and found that Brown's counsel competently advised Brown and that Brown "has been informed of his right to appeal any sentence that [is] impose[d] and that he has knowingly, intelligently, and understandably waived his right of any appeal." At the end of the sentencing hearing, Brown again acknowledged that he waived his right to appeal. We find, therefore, that Brown's waiver of appeal rights was valid because he knowingly and intelligently made the waiver.
 
 
 4
 Accordingly, we affirm Brown's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.